SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**CHRISTOPHER CARDANI**
Assistant United States Attorney
Christopher.Cardani@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00463-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ALEXANDER JAY BOYCE,** | |
| **Defendant.** | |

### Introduction

Defendant was arrested after assaulting a federal officer during protest activity at the ICE

facility in Portland, Oregon. He spent three days in jail before being released.  He pleaded guilty

to misdemeanor assault and should be sentenced to a time-served sentence, with conditions of

supervised release explained below.

///

**Government's Sentencing Memorandum**                                                    **Page 1**

**Factual Background**

**A.     The Offense Conduct**

The offense conduct is accurately set forth in paragraphs 9 through 14 of the presentence report.  On October 5, 2025, defendant participated in protest activity at the ICE building in Portland, Oregon.  A crowd of about 50, which included defendant, stood in an area blocking the driveway to the facility.  Law enforcement announced through a long-range-acoustic device (LRAD) that individuals must stay off federal property and clear the vehicle entrance of the ICE facility.  Federal officers then deployed to push back the crowd.  Victim (V), a uniformed United States Customs and Border Protection Agent, began to physically clear individuals toward South Bancroft Street and to the eastern perimeter of the ICE vehicle entrance. Defendant shouted multiple times in V's face words to the effect "move back" or "get the fuck out of our city." V gave verbal demands to the crowd to back away.  Defendant suddenly moved his head in a forward motion and intentionally spit saliva from his mouth towards V, impacting a helmet and face shield worn by V. Defendant was taken into custody and spent three days in jail before being released.  Defendant admitted yelling obscenities at the officers and that he spit at them.

**B.     The Charges**

Defendant was charged in a one count information with Assaulting a Federal Officer (misdemeanor) in violation of 18 U.S.C. § 111(a)(1), a Class A misdemeanor punishable by up to one year in prison.

**C.     The Plea Agreement & Guideline Computations**

Defendant was arraigned and pleaded guilty pursuant to a plea agreement, admitting to the legal and factual basis for the offense.  The applicable advisory Guideline calculations are accurately reflected in the presentence report in paragraphs 18-27.  The government is

**Government's Sentencing Memorandum**                                                    **Page 2**

recommending an additional two-level variance for early resolution.  If the Court accepts these recommendations, the final adjusted offense level is 7.  This produces a sentencing range of 0-6 months (Zone A).

**Argument**

**A.      Recommended Sentence**

The government recommends a time-served sentence, followed by one year of supervised release pursuant to the mandatory, standard and special conditions set forth in the presentence report, including the following special conditions:

- Defendant will serve a period of home detention; and

- Defendant is prohibited from entering the area surrounding the Immigration and Customs Enforcement Building in Portland Oregon. Defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area.

While defendant may argue for a less restrictive sentence, which may include a request for no home detention, the recommendation of probation and the government are appropriate.  A period of home detention is warranted because of defendant's conduct of deliberately spitting in the face of a uniformed officer.  Such is not the conduct of a peaceful protestor; home detention is some form of general and specific deterrence.  The terms of supervised release set forth in the PSR are also warranted, especially given defendant's troubled upbringing, mental health, and drug and alcohol use and abuse.[1]   Supervised release will allow him to continue his employment

---

[1] Defendant's confidential sentencing materials, which will presumably present mitigating information, had not been filed at the time of this submission, but the PSR contains information about defendant's background and personal circumstances.

**Government's Sentencing Memorandum**                                                      **Page 3**

while obtaining the type of social services from which he could best benefit under the oversight of a probation officer.

### B.    Restitution & Forfeiture

There is no forfeiture, and the government is not recommending a fine.

### Conclusion

Based on the foregoing, the government recommends that this Court impose a time-served sentence with one year of supervised release, subject to the conditions recommended by probation and the government.

Dated: March 11, 2026.                    Respectfully submitted,

                                          SCOTT E. BRADFORD
                                          United States Attorney


                                          */s/ Christopher Cardani*
                                          CHRISTOPHER L. CARDANI
                                          Assistant United States Attorney

**Government's Sentencing Memorandum**                    **Page 4**